B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Bonnie Rose | **DEFENDANTS**<br>WVMF Funding |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Bonnie Rose, Pro Se | ATTORNEYS (If Known)<br>Rubin & Lublin LC |
| PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☑ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversarial

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☑ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☑ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 300,000 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR Bonnie Rose | BANKRUPTCY CASE NO. 9-64835 ||
| DISTRICT IN WHICH CASE IS PENDING Northern | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF Bonnie Rose | DEFENDANT WVMF Funding LLC | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING Northern | DIVISION OFFICE Atlanta | NAME OF JUDGE Paul Barsier |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) [signature] |||
| DATE 28/Oct/2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Bonnie Rose ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA, DIVISION

2019 OCT 28 PM 1:14

| | |
|---|---|
| BONNIE ROSE | ) Bankruptcy Case |
| | ) No.: |
| | ) |
| 3019 SAINT ANDREWS COURT | ) 19-64835-pmb |
| JONESBORO, GEORGIA  30236 | ) |
| | ) |
| Plaintiff, | ) Adversary |
| | ) Complaint NO.: |
| vs. | ) |
| WVMF FUNDING LLC. | ) |
| RUBIN LUBLIN LLC. | ) |
| | ) |
| *and* | |
| | ) |
| MELISSA J. DAVEY | ) |
| BANKRUPTCY TRUSTEE, | ) |
| CHAPTER 13 | ) |
| | |
| Defendant(S) | |

**COMPLAINT TO DETERMINE THAT THE AUTOMATIC STAY MUST REMAIN IN EFFECT PURSUANT TO 11 U.S.C. 707(b) AND/OR IN IT'S ALTERNATIVE TO IMPOSE AN ORDER UNDER: 362(C)(4)(B), AND THAT THE AUTOMATIC STAY MUST REMAIN IN EFFECT AND VERIFICATION THAT DEFENDANT IS A "UNSECURED CREDITOR" AND DOES NOT HAVE LEGAL RIGHTS TO THE PROPERTY IN QUESTION AND THE PLAINTIFF MUST BE AWAREDED DECLARATORY RELIEF**

1. This adversary proceeding is brought pursuant to a **TO 11 U.S.C. 707(b)** and Federal Rule of Bankruptcy Procedure.

2.   This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409.

3.   This adversary proceeding is a core proceeding as defined at 28 U.S.C. § 157(b)(2)

(b) and (b) (2) (K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

## PARTIES

4.   Plaintiff is an individual, and debtor of the within captioned bankruptcy case, having filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code 7 ("the Bankruptcy Case") in the Northern District of Georgia Case, Atlanta Division Number: 19-64835-pmb

5.   Plaintiff is and at all times mentioned herein is the owner and purchaser of real property (hereinafter referred to as "SUBJECT PROPERTY") and more particularly described as AND LOCATED AT: 3019 SAINT ANDREWS COURT, JONESBORO, GEORGIA   30236, CLAYTON COUNTY, GA.

## STATEMENT OF FACTS

6.  Plaintiff is informed and believes and therefore alleges that
    -, WVMF is "SECURED CREDITOR" and has no records of certification Of ownership. This entity is used by WVMF owner of GMAC an outside financial institution located Mortgage company originally purchasing the property located at:  3019 Saint Andrews Court, Jonesboro, ga. 30236


    WVMF has tried and continues to try to Commit Foreclosure fraud on homeowners in the Atlanta
    Area and neighboring states illegally.  See Exhibit A


7. WVMF committed fraudulent corporate
   Assignments on Plaintiffs "Real Property"

Located at 3019 Saint Andrews Court, Jonesboro, Georgia  30236

   In the capacity of chief financial officer and
   As attorney in-fact for Secretary of HUD.

See Exhibit B

8.   RUBIN LUBLIN LLC. at:  3145 AVALON RIDGE PLACE, SUITE 100 Peachtree Corners, Ga.  30071, is a law firm, is subject to personal jurisdiction in this Court because it transacts substantial business in Georgia and it has agents Selene Finance LP and conducts business through his company RUBIN LUBLIN LLC.
Hasty in Georgia and in this District.


9.   The matter in controversy of this civil adverse action exceeds the sum or value of $5,000,000 exclusive of interest and costs.

**OPERATIVE FACTS**

10.  Plaintiff financed her home located in CLAYTON COUNTY, GA with GMAC, A NEW Jersey Corporate, dated 06/03/2009 In connection with the home loan, Plaintiff granted a security instrument to Mortgage Electronic Registration System.

11.  The security deed held by Real Estate GMAC, INC was filed in the Office of the Clerk, Superior Court, and CLAYTON, Georgia and is recorded in Deed Book 2694 Page 290.
See Exhibit C

12.  An Affidavit of Fraud, Forgery and Breach of Contract will be with the CLAYTON County real estate records stating the true facts to the belief and knowledge of BONNIE ROSE - -see Exhibit B.  The signatures on the Security Deed, Waiver of Borrower's rights are the signatures of BONNIE ROSE. See Exhibit D

13.  DEFENDANT coNveyED title to Plaintiffs property, that he does not own or that purported corporation principal has not authorized

Defendant to convey, and any such attempted conveyance is void as a matter of law. Matter of Pope, INC. 721 F.2nd 1321, 1322, (11t cir, 1983).

14. DEFENDANT WVMF cannot be the assignee under the Plaintiff Security Deed the chain of is broken and should be void on its face, Only Members or Managers of a limited liability company have authority to "bind" an LLC. See O.C.G.A. 14-11-301.

15. On information recently discovered and her belief, BONNIE ROSE - never signed a Waiver of Borrower's Rights nor did she give WVMF Power attorney or permission to act as attorney in-fact-for her.

16. On information and belief, WM Fuses -, WVMF. Solely for Extortion, Forgery, Conspiracy, Theft by deception, theft by conversion, fraud schemes, mortgage, foreclosure fraud, mail fraud. WVMF is operating in Georgia fraudulently, and in many counties illegally, executing fraudulent document on the property as the chief financial officer and as attorney in fact for the Secretary of HUD.

17. They have been sued numerous and have been fined by many State Attorney General's Office as well as H.U.D. with multi infractions on violations and other relative false Claims Act and Fraud and/or Fraudulent Truth-In-Lending activities - See Exhibit "B" (Complaint File **# 15-1087 See Exhibit E**

18. M) filed in **U.S. District Court, Northern District of Georgia (ATLANTA) under CIVIL COMPLAINT FOR A WRONGFUL FORECLOSURE 1:06-cv-00547-AT titled** USA, Ex Rel., Bibby v. BRONZE CREEK TITLE TRUST AND WILMINGTON TRUST, CLAYTON Bank, National Association

19. The Plaintiff filed a lengthy objection to -, WVMF to stay relief motion on October 2, 2019, arguing, among other things, that -, WVMF is not a Secured Creditor of Plaintiff property and does not claim to be a secured creditor of "plaintiff" Property. Alleged corporate assignments are invalid. Further, GMAC Mortgage Corporation

extended a Loan Modification to Plaintiff that WVMF Funding did not follow through on.

20. The objection was accompanied by BONNIE ROSE Declaration of Private Investigator William J. Paatalo, disagreeing with WVMF factual allegations regarding the alleged Power of Attorney and Attorney In-Fact of Plaintiff property.  See Exhibit E

21. Two recent decisions, emphasized that a party seeking in rem relief under 362(d)(4) must establish, and the bankruptcy court must find, that the movant is a "Secured Creditor" whose claim is secured by interest in the property in question. In re Laconico, 2014 WL 3687202, at *1 (Bankruptcy. N.D. cal. July 24, 2014); In Re Robles, 2014 WL 3715092, at *1 (Bankr. N.D. Cal. July 24, 2014).

22. Other bankruptcy courts in the circuits have likewise held that the party seeking in rem relief must demonstrate that it is a "Secured Creditor". In re Gonzales, 456 B.R. 429, 442 (Bankr. C.D. Cal. 2011). Rev'd on other grounds, Quality Loan Serv. Corp. v, Gonzalez ( In re Gonzales, 2012 U.S. Dist. LEXIS 188105 (C.D. Cal. June 14, 2012).

23   So have other courts from other circuits: In re McCray, 342 B.R. 668. 67 (Bankr. D.D.C. 2006 ( 362(d)(4) is limited to a. Stay of an act against real property and to 'a creditor whose claim is secured by an interest in such real property.

24. - WVMF, [ the movant ] holds no Secured by no interest in the the Plaintiff Property.  Instead, it claim to own Plaintiff property pursuant to a foreclosure sale (which by definition would extinguish the security interest it had in the Plaintiffs property.

25. See also In Re Stoltzfus, 2009 WL 2872860, at *6 (Bankr. E.D. Pa. March 30, 2009) (because the movant - WVMF, do not hold claims secured by the interest in the Plaintiff real property, the provision of section 362(d)(4) are not applicable).

26. This view is also shared by a leading treatise on bankruptcy law: "The relief under 362 (d) (4) is available only to a creditor whose claim is secured by interest in real property."

27. All though BONNIE ROSE argued the point, the bankruptcy court did not address the undisputed fact that -, WVMF is not a secured creditor./GMAC is and was at the time of the actual title change.

28. The evidence submitted to the bankruptcy court by RUBIN LUBLIN LLC. Hasty the Defendants Attorney unequivocally demonstrates that they sought In Rem relief, not as a secured creditor, but as putative owner of Plaintiffs property.

29. -, WVMF is not a "creditor whose claim is secured by an interest "in the Plaintiffs Property.

30. The Bankruptcy Court applied an incorrect legal rule and thereby its discretion when it granted -, WVMF In Rem relief under 362(d)(4).

31. According, this speaks to the aspect of the Bankruptcy Court's Order and for legal purposes should be reversed.

## FIRST CLAIM FOR RELIEF
### [Declaratory Relief to Determine an Interest in Property]
### [F.R.B.P 7001(2) and 7001(9)]

32. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though set forth at length herein.

33. Plaintiff alleges that she holds the only interest in the Property free and clear of any interest of defendants, in that the lien evidenced by the "Deed of Trust" and its subsequent assignments has no value since it is wholly 'unsecured', and that accordingly, the "Deed of Trust" is null and void.

34. Plaintiff is informed and believes that Defendant WVMF, WVMF, allege that the Deed of Trust cannot be determined to be null and void because it is unsecured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

35. Plaintiff is informed and believes and thereon alleges that Defendants dispute the contention alleged herein, and this is the reason she filed for Chapter 13 protection.

36. An actual controversy exists between Plaintiff and Defendant with regard to the validity, nature and extent of their interests in the "Subject Property "located at 50 Blue Grass Way, Oxford, Georgia ga 30054

37. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property located at 3019 SAINT ANDREWS COURT, JONESBORO, GA. 30236

2. That the Court determine that the amount of the lien secured by the "Deed of Trust described herein is zero;

3. That the Court determine that the claim owed -, WVMF by Plaintiff is wholly unsecured DUE TO GMAC Mortgage as assignee.

4. That the Court determine that the "Deed of Trust", "Corporate Assignments " any Liens is null and void; and county records be expunged of documents rendered fraudulent.

5. That the court finds that the Bankruptcy Stay was and is in effect.

6.  For attorney fees and costs of suit incurred herein; and

7.  For such other and further relief as the court deems just and proper.

Dated this 28TH DAY OF OCTOBER, 2019

_____,
BONNIE ROSE

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA, DIVISION

| | |
|---|---|
| BONNIE ROSE | ) Bankruptcy Case ) No.: ) |
| 3019 SAINT ANDREWS COURT JONESBORO, GEORGIA  30236 | ) 19-64835-pmb ) ) |
| Plaintiff, vs. | ) Adversary ) Complaint NO.: |
| WVMF FUNDING LLC. Rubin Lublin llc.3145 Avalon Ridge Place | ) ) ) |
| Peachtree Corners, Ga.  30071 | ) |
| *and* | |
| MELISSA J. DAVEY BANKRUPTCY TRUSTEE, CHAPTER 13 | ) ) ) |
| Defendant(S) | |

**COMPLAINT TO DETERMINE THAT THE AUTOMATIC STAY MUST REMAIN IN EFFECT PURSUANT TO 11 U.S.C. 707(b)AND/OR IN IT'S ALTERNATIVE TO IMPOSE AN ORDER UNDER:  362(C) (4)(B), AND THAT THE AUTOMATIC STAY  MUST REMAIN IN EFFECT AND VERIFICATION THAT DEFENDANT IS A "UNSECURED CREDITOR" AND DOES NOT HAVE LEGAL RIGHTS TO THE PROPERTY IN QUESTION AND THE PLAINTIFF MUST BE AWARDED DECLARATORY RELIEF**

CERTIFICATE OF SERVICE

I have severed on the above with a copy of the proceedings through a Bankruptcy Summons dated on December 21, 2017.

Respectfully Submitted,

_____, 10/28/2019