IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>BONNIE ROSE,<br><br>    Debtor. | Case No. 19-64835-pmb<br>Chapter 13 |
| BONNIE ROSE,<br><br>    Plaintiff,<br>v.<br><br>WVMF FUNDING LLC, RUBIN LUBLIN, LLC, AND MELISSA DAVEY, CHAPTER 13 TRUSTEE,<br><br>    Defendants. | Adversary No. 19-05327-pmb |

**WVMF FUNDING, LLC AND RUBIN LUBLIN, LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

COMES NOW, WVFM Funding, LLC and Rubin Lublin, LLC ("WVMF" and "Rubin Lublin" individually, "Defendants" collectively), named defendants in the above styled action, and hereby file this Memorandum of Law in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Bonnie Rose ("Debtor" or "Plaintiff") is a serial bankruptcy filer. The underlying bankruptcy case – filed on September 18, 2019 – is the third that she has filed since December 4, 2018. *See* Case Nos. 18-70420, 19-57109 (Bankr. N.D. Ga.). Just like these previous cases, the most recent case was dismissed shortly after it was filed, on October 4, 2019. *See* [Bk. Doc. 15]. Because of the numerous filings, WVMF filed a motion in the main

1

bankruptcy on September 9, 2019, seeking an order that the automatic stay was not in effect because the Debtor had two previous dismissals in the prior year. [Bk. Doc. 8]. The motion included a copy of the subject security deed and full chain of assignments ending with WVFM related to the property at 3019 Saint Andrews Court, Jonesboro, GA 30236 (the "Property"). [Bk. Doc. 8-2]. The motion was granted on September 23, 2019. [Bk. Doc. 13]. This concluded WVFM's involvement in the main bankruptcy case. Shortly thereafter, on October 4, 2019, this Court dismissed the main bankruptcy case for failure of the Debtor to pay the filing fee. [Bk. Doc. 15].

Despite the main bankruptcy case being dismissed, the Debtor filed the instant adversary proceeding on October 28, 2019. The crux of the allegations in the Complaint is that WVFM is not a secured creditor because "the chain [of assignments] of is [sic] broken and should be void on its face." [AP Doc. 1] at ¶ 4. The only claim in the Complaint is for a declaratory judgment that WVFM does not have a secured interest in the Property. *Id.* at ¶¶ 32-37. However, this Court cannot reach the merits of this claim because it lacks subject matter jurisdiction.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    STANDARD OF REVIEW**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can take two forms – a facial attack and factual attack. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A Facial Attack on the Complaint merely requires that the court look and see if the Plaintiff has "sufficiently alleged a basis of subject matter jurisdiction" and thereafter the allegations in the Complaint are taken as true for the purposes of the Motion. *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). However, in a Factual Attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims" because, the issue is the trial court's jurisdiction and "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)). In evaluating an attack on subject matter jurisdiction, "[t]he plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence." *Kennedy v. Miss. Dept. of Revenue (In re Kennedy)*, 529 B.R. 345, 349 (Bankr. N.D. Ga. 2015).

**B.     THIS COURT LACKS SUBJECT MATTER JURISDICTION**

Bankruptcy courts are courts of limited jurisdiction under 28 U.S.C. §§ 1334(b) and 157(a). *In re Kennedy*, 529 B.R. 345, 349 (Bankr. N.D. Ga. 2015). Under 28 U.S.C. § 1334(b), bankruptcy jurisdiction extends to civil proceedings arising under Title 11 or proceedings arising in or related to a case under Title 11. During the administration of a bankruptcy estate, bankruptcy courts may hear two types of proceedings: 1) core proceedings, cases arising under Title 11 or arising in a Title 11 Case; and 2) non-core proceedings, non-bankruptcy claims related to a Title 11 Case and affecting administration of the estate. *Wortley v. Bakst*, 844 F.3d 1313, 1317–18 (11th Cir. 2017); 28 U.S.C. § 157. The Bankruptcy Court's jurisdiction must be based on the "arising under," "arising in," or "related to" language of §§ 1334(b) and 157(a). *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). "[I]f a case does not fit in either category, the bankruptcy court cannot hear the case at all." *Wortley v. Bakst*, 844 F.3d 1313, 1317–18 (11th Cir. 2017). "The plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence." *In re Kennedy*, 529 B.R. 345, 349 (Bankr. N.D. Ga. 2015).

Plaintiff asserts that this case is a core proceeding. [AP Doc. 1] at ¶ 3. "Core proceedings are narrow in scope, and include only those cases that implicate the property of the bankruptcy

estate and either invoke substantive rights created by federal bankruptcy law or that exist exclusively in the bankruptcy context." *Wortley v. Bakst*, 844 F.3d 1313, 1318 (11th Cir. 2017); citing *Cont'l Natl. Bank v. Sanchez* (*In re Toledo*), 170 F.3d 1340, 1347–48 (11th Cir. 1999). However, the Plaintiff's bankruptcy was dismissed before this adversary was filed. Logically, these claims cannot implicate property of the estate or exist exclusively in the bankruptcy context, because there is no active bankruptcy. Moreover, the Plaintiff's request for a declaratory judgment does not arise under Title 11 but is instead based on state law property rights. *See In re Terry*, 245 B.R. 422, 425 (Bankr. N.D. Ga. 2000) ("[P]roperty rights and interests are defined by state law principles."). Therefore, the claims do not arise in or relate to a case under Title 11, because there is no bankruptcy. Further, none of the claims invoke substantive rights created by Title 11. *See* [Doc. 1]. Thus, this Court is without subject matter jurisdiction and the case must be dismissed.

## CONCLUSION

Based on the foregoing, WVMF and Rubin Lublin respectfully request that this Court grant its Motion to Dismiss.

Respectfully submitted, this 27th day of November 2018.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>
>*Attorneys for WVMF Funding, LLC and Rubin Lublin, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 27th day of November 2019, caused a true and correct copy of the within and foregoing to be served via U.S. First Class mail to the following:

Bonnie Rose
3019 Saint Andrews Court
Jonesboro, GA 30236

/s/ Bret J. Chaness
BRET J. CHANESS (GA Bar No. 720572)